COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Overton
Argued by Teleconference


DEBORAH ARTIS

                                      MEMORANDUM OPINION[*] BY
v.          Record No. 2131-96-1      JUDGE NELSON T. OVERTON
                                           APRIL 29, 1997
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Edward W. Hanson, Jr., Judge

           Wm. Brandon Baade for appellant.

           Thomas D. Bagwell, Senior Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.


     Deborah Artis was convicted by a jury of grand larceny.

She appeals, contending that she was denied her right of

allocution.  For the reasons that follow, we affirm her

conviction.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     Although the trial transcript confirms that the trial judge

never explicitly asked Artis whether she had anything she wished

to say before he pronounced judgment, it also reveals that Artis

did have an opportunity to speak if she desired.  See Stamper v.

Commonwealth, 220 Va. 260, 280, 257 S.E.2d 808, 822 (1979).

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

Artis, however, did not request to speak, nor did her counsel object to the judge's pronouncement without allocution.

Furthermore, the sentencing order recites the fact that the judge granted Artis her right to allocution.  Artis did not object to the order within twenty-one days.  "Where a defendant does not object to the accuracy of an order within 21 days after its entry, an appellate court may 'presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired.'"  Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (quoting Stamper, 220 Va. at 280-81, 257 S.E.2d at 822).

Accordingly, we affirm the conviction.

Affirmed.